THOMAS W. LOWREY, PLAINTIFF IN ERROR, V. FRANK SHAFFER, DEFENDANT IN ERROR.

Principal and Agent: GOODS SOLD AND DELIVERED: EVIDENCE. In an action for wheat sold and delivered to an agent of the defendant, the questions presented being those of fact only, and the evidence nearly equally balanced, the judgment will not be disturbed.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Charles O. Whedon,* for plaintiff in error.

*Lamb, Ricketts & Wilson,* for defendant in error.

MAXWELL, J.

The defendant in error brought an action against the plaintiff in error to recover for wheat which he alleges he sold and delivered during the years 1884 and 1885 to an agent · of the plaintiff in error, at Alma, Nebraska. In the first count of the petition the plaintiff below alleges that, about the 3d day of September, 1884, he sold and delivered to John E. Ware, an agent of the defendant below, 354 bushels and 10 lbs. of wheat, at 75 cents per bushel; that Ware paid the plaintiff below the sum of $75 thereon, and no more, and that there still remains due

and unpaid the sum of $190.62. For a second cause of action, the plaintiff below alleges that he sold and delivered to John E. Ware, the agent of the defendant below, 558 bushels of wheat in the year 1885, at the agreed price of 65 cents per bushel, amounting to $357.50, no part of which has been paid. The defendant below in his answer denies all the allegations of the petition, except that the defendant was purchasing grain at Alma. On the trial of the cause a jury was waived and the cause tried to the court, which found in favor of the plaintiff below in the sum of $471.14, and rendered judgment accordingly. A number of objections were made to the judgment, the principal one being that the verdict is against the weight of evidence.

The testimony tends to show that, during the years mentioned, Ware purchased a considerable quantity of wheat from Shaffer. The testimony also tends to show that this wheat was shipped to the plaintiff in error at Lincoln. It also appears that after Ware ceased to be agent for plaintiff in error, he was arrested on the charge of embezzlement, made by the plaintiff in error. A number of witnesses testified that, on the hearing on that charge, Ware stated that he had paid Shaffer for the wheat. This prosecution was afterwards dropped, and the facts seem to have been introduced for the purpose of affecting Ware's credibility. Shaffer in his deposition states that the first wheat was sold in the year 1883. This is clearly a mistake, however, as the other testimony shows the sale to have taken place in the year 1884. There is also some dispute as to the value of wheat at Alma during the years named, the plaintiff in error contending that the price was from 35 to 46 cents per bushel at that time. There is no proof on the part of the plaintiff below as to the value of wheat at Alma at the time indicated, but the testimony on his behalf tends to show that Ware purchased Shaffer's crop in the year 1884 at 75 cents per bushel, and in the year 1885 at 65 cents per bushel. There is no proof as to

53

the price that Ware was paying during these years for wheat of the same quality as that of Shaffer. The plaintiff in error introduced a number of receipts for the Shaffer wheat, but the aggregate did not exceed the $75 admitted by Shaffer to have been paid. The plaintiff in error testifies that he never authorized Ware to purchase wheat on credit; that he was in the habit of paying cash for all grain purchased. He also testifies that certain exhibits made by Ware, showing the purchase of the wheat in question and the price agreed to be paid for the same, were not transmitted to him, and that he saw them for the first time on the trial of the case. His own testimony, however, shows that he was doing a large amount of business, and that he had not made a thorough search among his papers for reports of purchases of wheat made by Ware. Upon the whole case, while there is a strong probability of the truth of the plaintiff in error's statements, the evidence is so nearly equally balanced that this court cannot interfere with the judgment. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.